IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,826-01






EX PARTE ERIC MILLER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 20040D02928-210-1 IN THE 210TH DISTRICT COURT


FROM EL PASO COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of solicitation to
commit capital murder and sentenced to life imprisonment. He did not appeal his conviction.

 Applicant contends that his trial counsel rendered ineffective assistance because counsel
labored under a conflict of interest. Specifically, he alleges that counsel approached the State for a
plea deal as this would benefit one of his other clients, Jaime Gandera, even though that was not in
Applicant's best interest. After Applicant was released from jail, he approached counsel about this
conflict of interest and counsel agreed to waive the $9,000.00 in attorney fees which Applicant owed.
Further, Applicant alleges that counsel failed to investigate Applicant's mental health and
competency. Specifically, Applicant alleges that he told counsel that he had stayed in two mental
health hospitals in Nebraska and was under medication when he committed this offense. However,
counsel refused to investigated as he told Applicant that he "was not here to help [Applicant]" but
was there because the State wanted Applicant to have an attorney. Further, he alleges that counsel
failed to investigate the validity of the witness statements in this case. In particular, counsel should
have investigated the validity of the statement Michelle Miller gave to police as it contained perjured
testimony.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) to resolve the fact issues. 
In the appropriate case, the trial court may rely on its personal recollection. Id. The trial court shall
order counsel to file an affidavit addressing: (1) whether counsel had Applicant's best interest in
mind when he negotiated the plea agreement with this State in this case; (2) whether counsel
represented another client named Jaime Gandera at the same time as he represented the Applicant,
and, if so, when counsel represented Gandera; (3) whether counsel believes that the plea negotiations
in this case were in any way motivated by Gandera's best interest and, if so, why; (4) whether
counsel waived the attorney fees in this case and, if so, why; (5) whether counsel investigated
Applicant's mental health history and competency and, if so, shall detail the course of said
investigation; and, (6) whether counsel investigated the validity of the witness statements in this
case, including Michelle Miller's statement, and if so, shall detail the course of said investigation. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
Specifically, the trial court shall make findings of fact as to whether counsel had Applicant's best
interest in mind when he negotiated the plea agreement with this State in this case. The trial court
shall also make findings of fact as to whether counsel represented another client named Jaime
Gandera at the same time as he represented the Applicant. The trial court shall also make findings
of fact as whether counsel believes that plea negotiations in this case were in any way motivated by
Gandera's best interest. The trial court shall also make findings of fact as to whether counsel waived
the attorney fees in this case. The trial court shall also make findings of fact as to whether counsel
investigated Applicant's mental health history and competency. The trial court shall also make
findings of fact as to whether counsel investigated the validity of the witness statements in this case. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: June 3, 2009

Do not publish